Jesus Dominguez CORTEZ, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 25422.

United States Court of Appeals
Fifth Circuit.

June 19, 1968.

A. A. Garza, San Antonio, Tex., for
petitioner.

Melvin M. Diggs, U. S. Atty., Robert
S. Travis, Asst. U. S. Atty., Northern
Dist. of Texas, Fort Worth, Tex., for re-
spondent, Maurice A. Roberts, Harriet R.
Johnson, Attys., Dept. of Justice, Wash-
ington, D. C., of counsel.

Before THORNBERRY and SIMP-
SON, Circuit Judges, and ATKINS, Dis-
trict Judge.

ATKINS, District Judge:

This case is before the Court pursuant
to the petition to review an order of the
Board of Immigration Appeals that de-
nied suspension of deportation after the
special inquiry officer ordered the peti-
tioner deported. We affirm.

On June 26, 1967, the petitioner was
convicted in the United States District
Court, Del Rio, Texas upon his plea of
guilty, for transporting aliens while
knowing they were in the United States
in violation of the law. 8 U.S.C. § 1324
(a) (2) (Section 274(a) (2), Immigra-
tion and Nationality Act). On July 31,
1967, the Department of Immigration
and Naturalization commenced deporta-
tion proceedings against the petitioner.

The proceedings terminated on September 5, 1967 in the order of the Special Inquiry Officer that the petitioner be deported to Mexico. An appeal was prosecuted to the Board of Immigration Appeals. In its order dated October 4, 1967, the Board denied relief from the order of deportation after concluding that the petitioner was not eligible for suspension of deportation as provided for in Section 244(a) of the Immigration and Naturalization Act.

The petitioner, a 23 year old native of Mexico, entered the United States at Eagle Pass, Texas, as an immigrant on November 10, 1962. He has been a resident alien since that time. He has a wife, a citizen of Mexico who presently is in the United States pursuant to a local border crossing card that was valid for seventy-two hours. Her right to remain in the United States was extended by the Board to October 15, 1967. Four children, one of which is deceased, were born in the United States and at the time of the proceedings below, lived with both parents in San Antonio, Texas. The petitioner was employed by Texaloy Foundry, at least at the time the hearing was held by the Special Inquiry Officer. The petitioner's father and mother, legally resident aliens, also are in the United States. They accompanied him when he entered this country in 1962.

According to the Board, "apart from assisting the aliens to enter illegally, respondent has apparently had a good record in the United States."

The special inquiry officer, in ruling upon the petitioner's request for maximum relief, stated:

> Respondent is not eligible for suspension of deportation under section 244 (a) of the Act. He has no United States citizen or lawful resident spouse or child in this country, and in view of the nature of the offense, the benefits of Section 244(e) of the Act are not appropriate and will be denied.

The Board on review commented:

> We are not aware of any administrative relief which would enable respond-

ent to remain in the United States legally for permanent residence. He is not eligible for suspension of deportation (sec. 244(a) of the Act) if for no other reason than he does not have the seven years' presence required for such relief and has not shown that he is exempt from this requirement by reason of service in the armed forces of the United States. He is not eligible for adjustment of status (sec. 245(a) of the Act) because he is a native of a country of the Western Hemisphere. He is not eligible for creation of a record of lawful admission (sec. 249 of the Act) because he entered after June 30, 1948. He is ineligible to receive a visa since he is an alien who encouraged another alien to enter the United States in violation of law (sec. 212(a) (31) of the Act). (He is not eligible for voluntary departure because such relief is barred to one deportable on the charge here (secs. 224(e) [244(e)] and 101(f) (3) of the Act).)

The entire argument of the petitioner involves his assertion that deportation in view of the fact that he has family lawfully in the United States and the fact that once deported he cannot reapply to re-enter the United States constitutes cruel and unusual punishment. The petitioner does not question the findings by the special inquiry officer or the Board. Nor does he question the application of the governing provisions of the Act to those findings. It would, however, seem well to do so in view of the Congressional penalty imposed upon the petitioner.

 Section 244 of Title 8, U.S.C., the Immigration and Naturalization Act, as most recently amended in 1965, provides in pertinent part:

> § 1254. Suspension of deportation— Adjustment of status for permanent residence; contents (a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in

the case of an alien who applies to the Attorney General for suspension of deportation and—

(1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence; * * *.

The Board was correct in its ruling that "[petitioner] is not eligible for suspension of deportation (sec. 244(a) of the Act) if for no other reason than he does not have the seven years' presence required for such relief and has not shown that he is exempt from this requirement by reason of service in the armed forces of the United States." The special inquiry officer was in error when he concluded that the "[petitioner] has no United States citizen or lawful resident spouse or child in this country * * *." The error does not constitute reversible error in view of the Board's ruling made on appeal.

■ Section 1255 of the Act, as amended in 1965, expressly excludes "any alien who is a native of any country of the Western Hemisphere * * *." 8 U.S.C. § 1255. This section would otherwise permit the Attorney General, in his discretion, to adjust the status of an alien admitted to the United States to that of an alien lawfully admitted for permanent residence. The petitioner according to the undisputed record is a native of Mexico and therefore cannot have the benefit of this statute.

■ According to the terms of Section 1259 of the Act, as amended in 1965, the Attorney General may, in his discretion, permit a record of lawful admission for permanent residence to be made by an alien, "if no such record is otherwise available and such alien shall satisfy the Attorney General that he is not inadmissible under section 1182(a) of this title insofar as it relates to criminals, procurers and other immoral persons, subversives, violators of the narcotics laws or smugglers of aliens, and he establishes that he—(a) entered the United States prior to June 30, 1948 * * *." 8 U.S.C. § 1259. The Board correctly ruled that Jesus Dominguez Cortez is not eligible for creation of a record of lawful admission because he entered the United States after June 30, 1948. A second reason of ineligibility under this section of the Act, although not expressed by the Board, is the fact that the petitioner was found guilty by the special inquiry officer of smuggling another alien into the United States for gain in violation of 8 U.S.C. § 1251(a) (13).

■ Section 1182 of the Act expressly excludes aliens who smuggle another alien into the United States for gain from those aliens who are eligible to apply for and receive a visa. 8 U.S.C. § 1182(a) (31). Similarly, Section 1254 (e) of Title 8, U.S.C., precludes the Attorney General from granting, in his discretion, voluntary departure to an alien who has smuggled another alien into the United States. 8 U.S.C. § 1254(e). The Board, accordingly, was correct in its rulings.

■ The respondent is correct when it states that deportation is not punishment. It therefore cannot constitute cruel and unusual punishment.

> Deportation, however severe its consequences, has been consistently classified as a civil rather than a criminal procedure. Harisiades v. Shaughnessy, 342 U.S. 580, 593, 72 S.Ct. 512, 521, 96 L.Ed. 586, 601 (1951).

In *Shaughnessy* the United States Supreme Court refused to apply the Constitutional prohibition against the passing of ex post facto laws to the deportation of a resident alien under the Alien

Registration Act (8 U.S.C. § 137) because the alien became a member of the Communist Party. See also Fong Yue Ting v. United States, 149 U.S. 698, 13 S.Ct. 1016, 37 L.Ed. 905 (1892); Bugajewitz v. Adams, 228 U.S. 585, 33 S.Ct. 607, 57 L.Ed. 978 (1912); United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221 (1923); United States v. Matles, 247 F. 2d 378 (2nd Cir. 1957); Gardos v. Immigration and Naturalization Service, 324 F.2d 179 (2nd Cir. 1963). Cf. Harisiades v. Shaughnessy, supra. (Justice Douglas and Justice Black, dissenting); Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911 (1953) (Justice Douglas and Justice Black, dissenting); Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960) (Justices Brennan, Warren, Black and Douglas, dissenting).

Because of the inapplicability of the prohibition against cruel and unusual punishment to the facts of this case and because the independent review of the record by the Court unequivocally establishes that it is free from reversible error, it is affirmed.