**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

----------------------------------------

**No. 04-10921**
**Non-Argument Calendar**

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2005
THOMAS K. KAHN
CLERK

**D. C. Docket No. 02-23570-CV-UUB**

**ALBERTO SOLER-SOMOHANO,**

                                        **Petitioner-Appellant,**

        **versus**

**U.S. ATTORNEY GENERAL,**
**Alberto Gonzales,**
**U.S. DEPT. OF INS, et al.,**

                                        **Respondents-Appellees.**

------------------------------------------------------------------
**Appeal from the United States District Court**
**for the Southern District of Florida**
------------------------------------------------------------------

**(April 21, 2005)**

Before EDMONDSON, Chief Judge, ANDERSON and DUBINA, Circuit
Judges.

**PER CURIAM:**

Petitioner-Appellant Alberto Somer-Somohano, a federal prisoner, appeals the district court's denial of his pro se petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241. This appeal is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). No reversible error has been shown; we affirm.

Appellant, a native and citizen of Cuba, became a lawful permanent resident of the United States in 1971. He was convicted in 1990 in Florida for trafficking in 400 grams or more of cocaine, in violation of Fla. Stat. Ann. § 893.135, and sentenced to 15 years' imprisonment. In 1991, the Immigration and Naturalization Service began deportation proceedings based on this offense. The Immigration Judge subsequently ordered him deported to Cuba after denying his request for a waiver of inadmissability under

Immigration and Nationality Act ("INA") § 212(c)). The Board of Immigration Appeals dismissed Appellant's appeal of that decision on 5 August 1993. In February 1994, the BIA denied Appellant's motion to reopen proceedings.[1]

Appellant was released from state prison in 1997. But in 2001, he was charged in a superseding indictment with several federal drug trafficking charges. A jury found him guilty in and he was sentenced to 96 months' imprisonment. Appellant filed the present habeas petition while imprisoned on these charges.

Appellant argues first that the district court erred in determining that it lacked jurisdiction to consider his claim that the Florida drug conviction was not an "aggravated felony" rendering him deportable under the INA.

We review de novo issues of subject matter jurisdiction. Akinwale v. Reno, 216 F.3d 1273, 1275 n.3 (11th Cir. 2000). And we

---

[1] Petitioner stated in his § 2241 petition -- and the government does not contest -- that this Court in 1993 and 1994 "denied judicial review due to [his] failure to pay the docket fees."

review de novo the district court's denial of an alien's habeas petition attacking an order of deportation. Cadet v. Bulger, 377 F.3d 1173, 1185 (11th Cir. 2004).

Appellant's deportation order was entered in 1993, before the enactment of the AEDPA or the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Under the "old" rules in effect in 1993, prior to the enactment of the AEDPA or IIRIRA, an alien could challenge deportation proceedings in a petition for habeas relief under § 2241. See Akinwale, 216 F.3d at 1275; Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990).

To the extent Appellant was attempting to challenge the validity of his Florida drug conviction, we recently have declared that an alien may not collaterally attack a state court conviction underlying a deportation order. See Taylor v. United States, 396 7.3d 1322, 1330 (11th Cir. 2005). But Appellant mainly challenged the deportation order based on a claim that his Florida drug

**4**

conviction was not an "aggravated felony" under the INA: as a pure issue of law, the scope of § 2241 habeas review encompasses this matter. See Cadet, 377 F.3d at 1184 (scope of review in § 2241 petitions filed by aliens challenging removal orders covers, among other things, errors of law, including both statutory interpretations and application of law to undisputed facts or adjudicated facts); see also I.N.S. v. St. Cyr, 121 S.Ct. 2271, 2287 (2001) (writing that the jurisdiction-altering parts of the AEDPA and IIRIRA did not deprive federal courts of jurisdiction to consider aliens' challenges to their removal orders raised in § 2241 habeas petitions).

But we need not remand for the district court to consider the merits of this claim: Appellant's 1990 Florida conviction for trafficking in 400 grams or more of cocaine, in violation of Fla. Stat. Ann. § 893.135, clearly fits within the INA's definition of "aggravated felony." See 8 U.S.C. § 1101(a)(43)(B). Appellant's

claim that his Florida drug conviction is not an "aggravated felony" under the INA is without merit.[2]

Appellant argues second that the BIA erred in refusing to reopen removal proceedings: he asserts that his motion to reopen was accompanied by new evidence not considered during his removal proceedings, and he contends that the BIA's decision was contrary to its own procedures and decisions. The BIA's decision to reopen or reconsider is discretionary. 8 C.F.R. § 1003.2(a); see Anin v. Reno, 188 F.3d 1273, 1276 (11th Cir. 1999). An attack on such a discretionary decision is outside the scope of habeas review in § 2241 petitions.[3] See Cadet, 377 F.3d at 1184 (noting that habeas review of administrative exercise of discretion is impermissible).

Appellant argues third that the enactment of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"),

---

[2] We may affirm on any adequate ground, even if that ground is different from the one relied on by the district court. See Parks v. City of Warner Robins, 43 F.3d 609, 613 (11th Cir. 1995).

[3] The district court addressed the merits of this claim; but we may affirm on this alternate ground. See Parks, 43 F.3d at 613.

Pub.L. 105-100, 111 Stat. 2160, canceled the adverse deportation order and reinstated his legal permanent resident status. This claim is without merit. NACARA § 202 requires the Attorney General to grant adjustment to permanent resident status to aliens who are Cuban nationals and who have been present physically in the United States continuously from 1 December 1995, as long as the alien applied for adjustment before 1 April 2000. NACARA's plain language does not allow for an automatic adjustment of status or an automatic cancellation of Appellant's deportation order. And Appellant has not alleged that he applied for adjustment of status under NACARA before 1 April 2000.

Appellant, who came to the United States when he was five years old, argues fourth that the Child Citizenship Act ("CCA"), 8 U.S.C. § 1431,[4] as applied to him, violates the Equal Protection

---

[4] The CCA provides that a child born outside the U.S. becomes a citizen when (1) at least one parent of the child is a U.S. citizen; (2) the child is under age eighteen; and (3) the child resides in the U.S. in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence. 8 U.S.C. § 1431.

clause because its scope is limited to persons under age eighteen.

Appellant also maintains that the CCA as applied to him constitutes

cruel and unusual punishment, in violation of the Eighth

Amendment, because it does not relieve him of his deportation from

the United States to Cuba.

We reject these claims. We agree with the Fifth Circuit that

the CCA does not violate a person's equal protection rights. Nehme

v. I.N.S., 252 F.3d 415, 433 n.21 (5th Cir. 2001). That court stated

> The Child Citizenship Act does nothing to render an alien deportable. It merely provides that minor children who meet certain conditions on its effective date may be automatically naturalized. Children who are over the age of eighteen on its effective date may still become American citizens, if they are not otherwise deportable, by applying for naturalization.

Id.; see also Arbelo v. United States, 288 F.3d 1262, 1263 (11th Cir.

2002) (refusing to apply the CCA retroactively). And deportation is

not "punishment": it cannot constitute cruel and unusual

punishment.  See Cadet, 377 F.3d at 1196 (citing Cortez v. INS, 395 F.2d 965, 967 (5th Cir. 1968)).

AFFIRMED.