United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-30981
Summary Calendar

GREGORION RAFAEL REYES-GOMEZ,

Petitioner-Appellant,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL; JAMES W. ZIGLAR;
EDWARD J. McELROY; DONALD A. YOUNG; CHRISTINE G. DAVIS; UNITED
STATES DEPARTMENT OF JUSTICE; BUREAU OF IMMIGRATION AND CUSTOMS
ENFORCEMENT

Respondents-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(2:02-CV-843)

Before BARKSDALE, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gregorian Rafael Reyes-Gomez appeals the denial of his habeas petition, pursuant to 28 U.S.C. § 2241. As discussed *infra*, his appeal is treated as a petition for review of the underlying order of removal.

Reyes-Gomez, a native and citizen of the Dominican Republic, entered the United States as a lawful permanent resident on 13 June

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1970.  On or about 6 June 1995, he was convicted in New York of criminal possession of a weapon in the third degree and was sentenced to one year's imprisonment.  On 19 January 1996, the Immigration and Naturalization Service issued an order to show cause, charging him with deportability based on his conviction.

On 14 July 1997, after pleading guilty to a federal charge, Reyes-Gomez was sentenced, *inter alia*, to 120-months imprisonment (later reduced to 60 months) for conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base and cocaine. Post-arrest, he began cooperating with federal law enforcement officials, providing testimony that led to the conviction of other drug dealers.

On or about 26 April 2001, venue of Reyes-Gomez's deportation proceedings was transferred from New York to Oakdale, Louisiana, where Reyes-Gomez was detained on his federal conviction.  On 10 May 2001, an additional charge of deportability was filed against him for having been convicted of an aggravated felony.

Reyes-Gomez applied for asylum and withholding of removal and for relief under the Convention Against Torture (CAT).  The Immigration Judge (IJ) denied this application and ordered his removal.  Reyes-Gomez's appeal, through counsel, to the Board of Immigration Appeals (BIA) was dismissed.  Proceeding *pro se*, Reyes-Gomez filed a timely petition for review of the BIA's decision in the Second Circuit.  The petition was transferred to this court on

28 January 2005 and was dismissed for lack of jurisdiction on 28 April 2005.

In April 2002, while his petition was pending in the Second Circuit, Reyes-Gomez filed a habeas petition, pursuant to 28 U.S.C. § 2241, and a motion for a stay of deportation, again proceeding *pro se*, in the United States District Court for the Eastern District of New York. This habeas petition was transferred to the Western District of Louisiana, where, after Reyes-Gomez obtained counsel, it was dismissed with prejudice. Reyes-Gonzales filed a timely notice of appeal. On 6 June 2005, this court granted his motion for stay of deportation pending appeal.

Despite § 106 of the REAL ID Act, 8 U.S.C. § 1252, which divests federal courts of jurisdiction over § 2241 petitions attacking removal orders, we have jurisdiction to review Reyes-Gomez's challenge. ***Rosales v. Bureau of Immigration & Customs Enforcement***, 426 F.3d 733, 735-36 (5th Cir. 2005), *petition for cert. filed*, (U.S. 24 Oct. 2005) (No. 05-7335) ("[H]abeas petitions ... that were already on appeal as of the REAL ID Act's effective date [of 11 May 2005] ... are properly converted into petitions for review".). Further, although "8 U.S.C. § 1252(b)(2)(C) generally prohibits judicial review of removal orders issued on the basis of an alien's commission of an aggravated felony", the REAL ID Act provides that none of its jurisdiction-stripping provisions "'shall be construed as precluding review of constitutional claims

3

or questions of law raised upon a petition for review filed with an appropriate court of appeals'". *Id*. (quoting 8 U.S.C. § 1252(b)(2)(D) (2005)).

Because Reyes-Gomez raises multiple constitutional issues, we have jurisdiction, pursuant to § 1252(b)(2)(D), to review them. *Id*. We review constitutional challenges *de novo*. *Soadjede v. Ashcroft*, 324 F.3d 830, 831 (5th Cir. 2003).

First, Reyes-Gomez claims that, if removed to the Dominican Republic, he is likely to be injured or killed; and that this would violate his right to substantive due process under the Fifth Amendment. In support, he relies on the state-created danger doctrine, which has never explicitly been adopted by this court. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 537 (5th Cir. 2003). Under this doctrine, due process is violated when state actors: (1) "use[] their authority to create a dangerous environment for the plaintiff"; and (2) "act[] with deliberate indifference to the plight of the plaintiff". *Id*. at 537-38 (setting forth the elements of the cause of action in analyzing a pleading's constitutional claim for relief, pursuant to 42 U.S.C. § 1983). Because Reyes-Gomez did *not* raise this state-created danger challenge in district court, we will not review it here. *Martinez v. Tex. Dep't of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002) (refusing to disturb this court's "long established course of

4

refusing, absent extraordinary circumstances, to entertain legal issues raised for the first time on appeal").

Second, Reyes-Gomez claims that his removal to the Dominican Republic would constitute cruel and unusual punishment in violation of the Eighth Amendment. This claim is without merit. *Cortez v. INS*, 395 F.2d 965, 967 (5th Cir. 1968) (holding that Eighth Amendment protections against cruel and unusual punishment do not apply to deportation proceedings).

Reyes-Gomez contends that *Cortez* cannot stand in the light of *INS v. St. Cyr*, 533 U.S. 289 (2001). That decision, however, did *not* overrule *Cortez*. *Id*. at 324 (holding that "the presumption against retroactivity applies far beyond the confines of the criminal law[, and the] ... mere statement that deportation is not punishment for past crimes" did not preclude its considering "an alien's reasonable reliance on the continued availability of discretionary relief"). Further, post-*St. Cyr*, numerous courts have continued to hold that the Eighth Amendment does *not* apply to deportation proceedings. *See e.g.*, *Elia v. Gonzales*, 418 F.3d 667, 675 (6th Cir. 2005) ("[T]he Eighth Amendment is inapplicable to deportation proceedings because, as the Supreme Court has held, deportation does not constitute punishment".); *Cadet v. Bulger*, 377 F.3d 1173, 1196 (11th Cir. 2004) ("Because immigration proceedings are not criminal and do not constitute punishment, [Petitioner's]

5

argument that his removal ... will violate the Eighth Amendment lacks merit.").

Third, Reyes-Gomez claims he received ineffective assistance of counsel in violation of the Fifth Amendment. (His Sixth Amendment right to effective assistance of counsel is not implicated because the challenged removal proceeding was civil, not criminal.) To prevail under this claim, he must show: (1) deficient performance; and (2) substantial prejudice, resulting from the ineffective representation. *Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994).

Although Reyes-Gomez has met the first prong by showing deficient performance, he has not shown the second — resulting prejudice. To show prejudice, he must establish "there is a reasonable probability that, but for counsel's unprofessional error[], the result of the proceeding would have been different". *United States v. Williamson*, 183 F.3d 458, 463 (5th Cir. 1999) (internal citation and quotation marks omitted) (alteration in original). Reyes-Gomez would have been subject to deportation, however, even with effective representation. Therefore, this claim also fails.

In addition to these constitutional challenges, Reyes-Gomez claims the IJ applied the wrong standard when determining whether he was entitled to relief under the CAT. "We have authority to review only an order of the BIA, not the IJ, unless the IJ's

6

decision has some impact on the BIA's decision." **Mikhael v. INS**, 115 F.3d 299, 302 (5th Cir. 1997). The BIA dismissed Reyes-Gomez's appeal because it agreed with the IJ's decision, "find[ing] no reason to disturb [its] findings". Therefore, we review the IJ's decision. *See* **id**.

The IJ held Reyes-Gomez ineligible for withholding of removal under the CAT because of his five-year sentence for a conviction of an aggravated felony, and that he failed to meet his burden of proof with regard to deferral of removal. Reyes-Gomez challenges the latter finding, claiming the IJ applied the wrong standard by requiring a specific nexus between the harm Reyes-Gomez feared and a government official in the Dominican Republic. Reyes-Gomez concedes, however, that to obtain deferral of removal under the CAT, he must prove his torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity". **Efe v. Aschcroft**, 293 F.3d 899, 907 n.8 (5th Cir. 2002) (quoting 8 C.F.R. § 208.18(a)(1)). Therefore, his true claim is that the IJ erred in finding that he failed to meet his burden of proof in this respect. Such claim is based on the IJ's factual finding; therefore, we lack jurisdiction. *See* **Rosales**, 426 F.3d at 736; *see also* **Hamid v. Gonzales**, 417 F.3d 642, 647 (7th Cir. 2005) (holding it lacked jurisdiction to review an aggravated felon's CAT claim where it did not concern a constitutional issue or question of law).

Finally, Reyes-Gomez's request to stay this proceeding pending the decision of similar issues in his separate petition for review to the Second Circuit is moot. As discussed *supra*, that petition was transferred to this court and dismissed for lack of jurisdiction.

*DENIED*

8