[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11414
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60272-WPD-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRA ASTELLO-CASTILLO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 15, 2017)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Alejandra Astello-Castillo pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a substance containing methamphetamine, 21 U.S.C. §§ 841, 846. The district court sentenced her to 120 months imprisonment, and she appeals that sentence.

The presentence investigation report calculated Astello-Castillo's total offense level as 31, and it assigned Astello-Castillo three criminal history points: one point for a previous conviction for driving under the influence, and two points because she committed the conspiracy offense while on probation for driving under the influence. The PSR also noted that Immigration and Customs Enforcement had concluded that Astello-Castillo was in the United States illegally and would likely be deported. The PSR calculated a guidelines range of 121 to 151 months, and it noted that the statutory minimum for Astello-Castillo's offense was 10 years imprisonment. 21 U.S.C. § 841(b)(1)(A).

Astello-Castillo objected to the PSR's calculation of her criminal history and requested a downward variance based on "equitable considerations." At the sentence hearing the district court overruled her objection to the criminal history calculation, accepted the PSR's guidelines range calculation, and, after considering the 18 U.S.C. § 3553(a) factors, concluded that a downward variance was warranted. It sentenced her to the mandatory minimum of 120 months imprisonment.

2

Astello-Castillo first contends that her 10 year mandatory minimum sentence, when considered with the deportation she faces upon completing that sentence, violates the Eighth Amendment's prohibition of cruel and unusual punishment. Because she did not raise this argument in the district court we review only for plain error. See United States v. Mozie, 752 F.3d 1271, 1290 (11th Cir. 2014) ("While we usually review de novo an Eighth Amendment challenge to a sentence, our review is limited to plain error when, as here, the defendant failed to object on those grounds in the district court.").

"In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." Id. (quotation marks omitted). That principle "forbids only extreme sentences that are grossly disproportionate to the crime," and we "give substantial deference to Congress in determining the types and limits of punishments for certain crimes." Id. (quotation marks omitted). Further, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [are] exceedingly rare." Solem v. Helm, 463 U.S. 277, 289–90, 103 S. Ct. 3001, 3009 (1983) (quotation marks and emphasis omitted) (first alteration in original).

The district court did not plainly err in failing to sua sponte conclude that — because Astello-Castillo will likely be deported after she has served her sentence — imposing the mandatory minimum sentence violated her Eighth

3

Amendment right to be free from cruel and unusual punishment.  Deportation is not a form of criminal punishment.  See Padilla v. Kentucky, 559 U.S. 356, 365–66, 130 S. Ct. 1473, 1481 (2010) ("We have long recognized that deportation is a particularly severe 'penalty'; but it is not, in a strict sense, a criminal sanction.") (citation omitted); Cortez v. INS, 395 F.2d 965, 967 (5th Cir. 1968) ("[D]eportation is not punishment.  It therefore cannot constitute cruel and unusual punishment.  Deportation, however severe its consequences, has been consistently classified as a civil rather than a criminal procedure.").

Further, the mandatory minimum sentence of 10 years imprisonment is not grossly disproportionate to the facts of Astello-Castillo's crime because she handled a large amount of methamphetamine and brought children along while she committed the offense.  As a result, the district court did not plainly err in failing to sentence Astello-Castillo to less than the statutory minimum.

Astello-Castillo also contends that § 4A1.1 of the United States Sentencing Guidelines (2015), which scored her criminal history, violated her Fifth Amendment right to due process because its scoring rules resulted in an arbitrary distinction between her prior offense and other misdemeanors that are not counted in the criminal history calculation.  Like her Eighth Amendment challenge, she did not raise this argument to the district court and we review it only for plain error.

4

Under § 4A1.1 of the guidelines, a defendant receives one criminal history point for a previous conviction that resulted in a sentence of less than 60 days imprisonment. U.S.S.G. § 4A1.1(c). An additional two points are awarded "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, [or] supervised release." Id. § 4A1.1(d). At the time she was charged with her drug conspiracy crime, Astello-Castillo was serving a sentence of probation for driving under the influence. As a result, she had three criminal history points: one for driving under the influence (which resulted in a sentence of less than 60 days imprisonment), and two for committing the drug conspiracy offense while on probation.

At the same time, § 4A1.2(c) of the guidelines lists certain petty offenses and misdemeanors that are not counted in the criminal history calculation, including reckless driving and leaving the scene of an accident, when those offenses had a sentence of probation for more than one year or imprisonment for at least 30 days. The list of offenses that are not counted does not include driving under the influence. Astello-Castillo argues that the scoring of her criminal history resulted in an arbitrary distinction because other misdemeanor offenses listed in

§ 4A1.2(c) do not count as a criminal history point while her driving under the influence offense did.[1]

The district court did not plainly err in failing to determine sua sponte that § 4A1.1's scoring rules violated Astello-Castillo's Fifth Amendment right to due process. As an initial matter, it was not plain to the district court that application of the scoring rules would result in arbitrary results because no binding precedent has held that it does. And driving under the influence is a unique hazard, different from the crimes listed in § 4A1.2(c), such as reckless driving and leaving the scene of an accident. As a result, the district court did not plainly err in failing to conclude that § 4A1.1's criminal history scoring rules violated Astello-Castillo's Fifth Amendment right to due process.[2]

**AFFIRMED.**

---

[1] She contends that the scoring of her criminal history rendered her ineligible for safety-valve relief. Section 5C1.2 of the guidelines, known as the "safety-valve" provision, "requires a district court to sentence a defendant in certain drug-possession cases without regard to any statutory minimum sentence if the defendant meets five criteria," including that the defendant have only one criminal history point.

[2] Astello-Castillo also contends for the first time that the scoring rules are arbitrary because, had she been more quickly sentenced for driving under the influence, her sentence of probation would have been served by the time she committed the drug offense. That argument lacks merit and fails under our plain error review.