Ntiamoah v. Lynch

BIA
Reid, IJ
A070 583 265

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand sixteen.

PRESENT:
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

WILBERFORCE NTIAMOAH, AKA KWAWDO AGYEMANG-BADU,
> *Petitioner,*

v.                                      15-4046
                                        NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Justine A. Marous, New York, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Mary
                       Jane Candaux, Assistant Director;
                       Michael C. Heyse, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wilberforce Ntiamoah, a native and citizen of Ghana, seeks review of a November 20, 2015 decision of the BIA affirming a July 13, 2015 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wilberforce Ntiamoah,* No. A070 583 265 (B.I.A. Nov. 20, 2015), *aff'g* No. A070 583 265 (Immig. Ct. Batavia July 13, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We lack jurisdiction to review a final order of removal against an alien like Ntiamoah, who is removable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) by reason of having been convicted of a crime involving moral turpitude. *See* 8 U.S.C. § 1252(a)(2)(C). Nevertheless, we retain jurisdiction to review constitutional claims or questions of law. 8 U.S.C.

§ 1252(a)(2)(D). As to these matters our review is de novo. *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007). We conclude that the agency did not err as a matter of law in finding that Ntiamoah failed to establish past persecution or a well-founded fear of persecution based on his claim that, in 1992, Ghanaian police detained and beat him for his role in organizing a protest for his political party, the New Patriotic Party ("NPP").

A valid past persecution claim can be based on harm other than threats to life or freedom, "includ[ing] non-life-threatening violence and physical abuse." *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006). To establish such a claim, the demonstrated harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). The agency did not err as a matter of law in concluding that Ntiamoah failed to demonstrate that his alleged detention and beating in 1992 rose to the level of persecution because he failed to provide any details of the beating or allege any harm suffered as a result. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011); *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011).

Because Ntiamoah did not demonstrate past persecution, he

3

was not entitled to a presumption of a well-founded fear of future persecution.  *See* 8 C.F.R. § 1208.13(b)(1).  To demonstrate a well-founded fear of future persecution, an applicant must show either a reasonable possibility that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to him.  8 C.F.R. § 1208.13(b)(2)(iii).  The agency did not commit legal error in determining that Ntiamoah failed to establish an objectively reasonable fear of suffering such harm in Ghana.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008).

The agency was permitted to find Ntiamoah's fear diminished by his family's ability to remain unharmed in Ghana despite purported threats to their safety based on his political activities.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).  Moreover, the agency did not err as a matter of law in finding Ntiamoah's fear of being singled out speculative, since neither he nor his wife had ever received a threat in person, and Ntiamoah presented no evidence that such a threat had been made against Ntiamoah through his family since 2004.  *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (concluding that fear was "speculative" when it

4

lacked "solid support in the record").

Insofar as Ntiamoah asserts that there is a pattern or practice in Ghana of persecuting NPP members, it is not clear that he adequately exhausted this claim as required. *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007). Even so, the IJ addressed the evidence Ntiamoah's attorney referenced in closing arguments and did not err as a matter of law in concluding that the evidence did not bear on the persecution of similarly situated individuals. As the IJ noted, over the decades since Ntiamoah organized a NPP protest, the ruling party in Ghana has changed several times, with the NPP having had a period in power. Furthermore, the IJ acknowledged evidence of general political violence between the political parties in Ghana, and did not err in concluding that such evidence as well as evidence of one attack against an NPP leader did not demonstrate persecution of similarly situated individuals, i.e., NPP members like Ntiamoah, who had not participated in any party activities for decades.

Ntiamoah notes that the IJ erred in stating that the record did not include any statements from Ntiamoah's relatives in Ghana, and that at one point in its decision the BIA mistakenly referred to his claim as based on religion. Those errors do

5

not require remand, however, because we "can confidently predict that the agency would reach the same decision absent the errors that were made." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (internal quotation marks omitted). The record contains a statement from Ntiamoah's uncle, who lives in Ghana, but the statement does no more than corroborate Ntiamoah's arrest, which was not in dispute. And, we conclude that the BIA's reference to a religious-based claim was simply a typographical error because elsewhere in its decision, the BIA correctly described Ntiamoah's claim as political, and affirmed the IJ's decision to the extent that the IJ found no well-founded fear of persecution, a finding that was based on Ntiamoah's political opinions.

Ntiamoah's failure to demonstrate a well-founded fear of future persecution was dispositive of his requests for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

There is no merit to Ntiamoah's argument that the Eighth Amendment and the Due Process Clause require an IJ to consider the nature of an alien's criminal activity and humanitarian

factors in determining whether removal is constitutionally proportionate to the grounds for removability. "It is settled that deportation, being a civil procedure, is not punishment and the cruel and unusual punishment clause of the Eighth Amendment accordingly is not applicable." *Santelises v. INS*, 491 F.2d 1254, 1255-56 (2d Cir. 1974); *Padilla v. Kentucky*, 559 U.S. 356, 365 (2010), (stating that although "deportation is a particularly severe 'penalty,'. . . it is not, in a strict sense, a criminal sanction"); *see also Harisiades v. Shaughnessy*, 342 U.S. 580, 594 (1952) ("Deportation, however severe its consequences, has been consistently classified as a civil rather than a criminal procedure."); *Sunday v. Att'y Gen.*, 832 F.3d 211, 217-19 (3d Cir. 2016); *Hinds v. Lynch*, 790 F.3d 259, 264-69 (1st Cir. 2015). Similarly, because removal is not a punishment, the Due Process Clause does not require an assessment of whether removal is excessive when compared to the grounds for removal. *See Hinds*, 790 F.3d at 269 ("Because . . . removal is not a punishment—for the underlying conviction for which a noncitizen felon is removed or for any other reason—we . . . think the Fifth Amendment does not require [a] proportionality assessment . . . .").

For the foregoing reasons, the petition for review is

7

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk