**Amadeo Augusto Luciano SANTELISES, Jr., Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 80, Docket 32879.**

United States Court of Appeals, Second Circuit.

Argued Nov. 5, 1973.

Decided Jan. 4, 1974.

Martin L. Rothstein, New York City (Austin T. Fragomen, Jr., New York City, on the brief), for petitioner.

Stanley H. Wallenstein, Sp. Asst. U. S. Atty., New York City (Paul J. Curran, U. S. Atty., and Joseph P. Marro, Asst. U. S. Atty., New York City, on the brief), for respondent.

Before WATERMAN, FRIENDLY and TIMBERS, Circuit Judges.

PER CURIAM:

On this petition to review an order of the Board of Immigration Appeals which dismissed an appeal from an order of an Immigration Judge who found petitioner deportable pursuant to Section 241(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(5) (1970), because of his conviction under 18 U.S.C. § 1546 (1970) (causing immigration visas to be accepted by others, knowing they were procured by fraud), petitioner claims that the deportation order violates the prohibition against cruel and unusual punishment and denies him the equal protection of the laws. We deny the petition to review.

Petitioner is a native and citizen of the Dominican Republic. He entered the United States as a permanent resident in 1960. Thereafter he resided here with his wife and child, both American citizens. He worked as a travel agent. In 1965, he was charged in the Southern District of New York with various offenses connected with the preparation and use of false immigration documents. He pled guilty to several counts, including two that charged misuse of visas and other entry documents in violation of 18 U.S.C. § 1546 (1970). On January 28, 1966, he was sentenced to concurrent one year terms of probation.

In June 1966, the Immigration and Naturalization Service commenced deportation proceedings against petitioner pursuant to 8 U.S.C. § 1251(a)(5) (1970), which authorizes the deportation of any alien who has been convicted of violating 18 U.S.C. § 1546. At the deportation hearing in August 1966, petitioner conceded the factual allegations asserted by the INS, including his conviction under § 1546; but he argued that deportation would violate his constitutional rights referred to above. The Immigration Judge on October 9, 1967 found petitioner deportable because of his conviction; found that he was not entitled to any form of discretionary relief; and ordered that he be deported to the Dominican Republic, the country of his birth and nationality.

Petitioner appealed to the Board of Immigration Appeals which entered an order on September 18, 1968 dismissing the appeal. The instant petition seeks review of the latter order.[1]

We reject out of hand petitioner's claim that deportation constitutes cruel and unusual punishment. It is settled that deportation, being a civil procedure, is not punishment and the cruel and unusual punishment clause of the

1. The petition to review was filed in this Court on October 29, 1968. The government filed the administrative record on November 16, 1971. Petitioner's brief was filed on June 13, 1973. In the meanwhile, petitioner moved in the district court to set aside his conviction under § 1546. That motion was denied on October 12, 1972. Santelises v. United States, 72 Civ. 1470 (S.D.N.Y.1972) (unreported). We affirmed on April 12, 1973. 476 F.2d 787 (2 Cir. 1973).

Eighth Amendment accordingly is not applicable. See, e.g., Harisiades v. Shaughnessy, 342 U.S. 580, 594–95 & n. 22 (1952) (interpreting the ex post facto clause of Article I, § 9), citing with approval Fong Yue Ting v. United States, 149 U.S. 698, 730 (1892); Buckley v. Gibney, 332 F.Supp. 790, 796 (S.D. N.Y.) (Wyatt, J.), aff'd on opinion below, 449 F.2d 1305 (2 Cir. 1971), cert. denied, 405 U.S. 919 (1972); Cortez v. INS, 395 F.2d 965, 967–68 (5 Cir. 1968); Burr v. INS, 350 F.2d 87, 90–91 (9 Cir. 1965), cert. denied, 383 U.S. 915 (1966); United States ex rel. Circella v. Sahli, 216 F.2d 33, 40 (7 Cir. 1954), cert. denied, 348 U.S. 964 (1955).[2]

■ Nor do we find any merit in petitioner's equal protection claim. Whether it is his claim that he has been singled out for harsher treatment because of his conviction under § 1546 than those convicted of crimes involving moral turpitude under Section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4) (1970), or that as an alien he has been singled out for deportation whereas citizens convicted of the same or other crimes are not deported, his claim is wholly without merit. Deportation is not a remedy available against citizens but rather is an implementation of Congress' power to exclude. And the classification created by Section 241(a)(5) of the Act which is here involved—i.e. deportation of aliens convicted under § 1546—surely has a rational basis: maintenance of the integrity of the immigration system by eliminating certain types of immigration frauds. Cf. Dandridge v. Williams, 397 U.S. 471 (1970); Faustino v. INS, 432 F.2d 429 (2 Cir. 1970), cert. denied, 401 U.S. 921 (1971).

Petition denied.[3]

2. Petitioner relies upon a statement by Chief Justice Warren, speaking for four Justices, in Trop v. Dulles, 356 U.S. 86, 98 (1958), that the view that deportation was not a punishment but an implementation of the sovereign power to exclude "may be highly fictional." Petitioner's reliance upon this statement is misplaced. It was merely dictum since the case dealt with expatriation rather than deportation.

3. The Board of Immigration Appeals, in its order of September 18, 1968 dismissing petitioner's appeal from the deportation order, included a dictum which petitioner construes as indicating that he would not again become deportable by reason of the same conduct if, following his departure, he were to be lawfully admitted for permanent residence. The Department of State, in a letter dated May 7, 1970 to petitioner's counsel, expressed the opposite view. Petitioner asks us to "affirm" the Board's dictum referred to and to overrule the position of the Department of State. We decline the invitation. Our jurisdiction under Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a) (1970), is limited to "judicial review of all final orders of deportation." The Department of State letter is not a part of the administrative record upon which the deportation order below was based, see Section 106(a)(4), 8 U.S.C. § 1105a(a)(4) (1970), and of course the letter is not a deportation order. In short, upon the instant petition to review, the issue of petitioner's future admissibility as an alien is not before us.