10-3564-ag
Elie v. Holder

BIA
Elstein, IJ
A095 940 631

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

THALIA TERRI ANN ELIE, AKA THALIA
TERRI-ANN THOMAS,
> *Petitioner,*

v.                                          10-3564-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          ROBERT E. SLATUS (Adam Paskoff, *on the brief*), Paskoff & Tamber, LLP, New York, NY.

**FOR RESPONDENT:**          DAVID H. WETMORE, Trial Attorney, Office of Immigration Litigation (Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel, *on the brief*), United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a July 30, 2010 Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED**, that the petition for review is **DENIED**.

Thalia Terri Ann Elie, a native and citizen of Jamaica, seeks review of a July 30, 2010, order of the BIA, affirming the November 3, 2009, decision of an Immigration Judge ("IJ") which granted the government's motion to pretermit her applications for adjustment of status, a waiver of inadmissibility, and cancellation of removal, and ordered her removed. *In re Elie*, No. A095 940 631 (B.I.A. July 30, 2010), *aff'g* No. A095 940 631 (Immig. Ct. N.Y. City Nov. 3, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Elie, who was convicted for fraud and false statements, under 18 U.S.C. § 1001(a)(2), has not argued at any point in her proceedings that she is eligible for cancellation of removal under the current law. Instead, she argues that the provisions that bar her from cancellation of removal, Immigration and Nationality Act ("INA") §§ 237(a)(3)(D)(i), 240A(b)(1)(C), 8 U.S.C. §§ 1227(a)(3)(D)(i), 1229b(b)(1)(C), are unconstitutional and in conflict with various treaties, international agreements, and "customary international law."[1]

Alien classifications established under immigration statutes "will be upheld against a constitutional challenge if a rational basis exists for their adoption." *Azizi v. Thornburgh*, 908 F.2d 1130, 1133 (2d Cir. 1990). Under the rational basis test, "a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller v. Doe*, 509 U.S. 312, 320 (1993). "A sufficient reason need not be one actually considered by Congress." *Jankowski-Burczyk v. INS*, 291 F.3d 172, 178 (2d Cir. 2002). We therefore "assume that a statute is constitutional and 'the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it, whether or not the basis has a foundation in the record.'" *Id.* (quoting *Heller v. Doe*, 509 U.S. at 320-21).

Contrary to Elie's contention, there are many possible reasons Congress could have deemed it appropriate to preclude even non-violent criminal aliens from the discretionary relief of cancellation of removal. For example, it is plausible that Congress provided a disincentive to those who might seek to falsely represent themselves as U.S. citizens by threatening that, if caught, they would lose eligibility for immigration benefits. *See Santelises v. INS*, 491 F.2d 1254, 1256 (2d Cir. 1974) (per curiam) (holding that the deportation of aliens convicted of causing visas to be accepted by others, knowing they were procured by fraud, "has a rational basis: maintenance of the integrity of the immigration system by eliminating certain types of immigration frauds").

---

[1] In addition, by failing to discuss the issue in her brief, Elie has abandoned any challenge to the BIA's findings that she was ineligible for a waiver of inadmissibility and, therefore, could not obtain and adjustment of status under INA § 245(a), 8 U.S.C. § 1255(a). *See Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

In addition, Elie's argument that INA § 240A(b)(1)(C) bars her from seeking cancellation of removal, but does not preclude one who engages in "criminal activity which endangers public safety or national security," INA § 237(a)(4)(A), from applying for cancellation of removal, does not raise a meritorious equal protection challenge. While one who falsely represents herself as a U.S. citizen is not necessarily a more serious criminal offender than one who engages in activity described in INA § 237(a)(4)(A)(ii), their disparate treatment under the INA does not raise equal protection concerns because the two individuals are not similarly situated. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 158 (2d Cir. 2008); *Jankowski-Burczyk*, 291 F.3d at 176. Moreover, the preclusion of certain immigration benefits is, under some rational explanations, a more fitting consequence for one who has represented herself as a U.S. citizen than for other criminals, even if their crimes are more serious in other contexts. *See Jankowski-Burczyk*, 291 F.3d at 178 ("The disparity may thus be rationally related to the legitimate governmental purpose of limiting the discretionary waiver to persons who have not abused the system."). Accordingly, Elie's challenge to the constitutionality of INA § 240A(b)(1)(C), under which she is ineligible for cancellation of removal, is without merit.

Elie also argues that the International Covenant on Civil and Political Rights ("ICCPR"), the United Nations' Universal Declaration of Human Rights ("UDHR"), the American Convention on Human Rights ("American Convention"), the European Convention for Protection of Human Rights, and "customary international law," protect the family unit, and therefore restrict Congress's authority to remove her from the United States because her spouse and children are U.S. citizens. This argument is without merit because the aforementioned treaties and agreements do not create independent rights that are cognizable in this Court. The ICCPR is not self-executing, and therefore is not privately enforceable. *Guaylupo-Moya v. Gonzales*, 423 F.3d 121, 133 (2d Cir. 2005); *see also Sosa v. Alvarez-Machain*, 542 U.S. 692, 728 (2004) ("Several times, indeed, the Senate has expressly declined to give the federal courts the task of interpreting and applying international human rights law, as when its ratification of the International Covenant on Civil and Political Rights declared that the substantive provisions of the document were not self-executing." (citing 138 Cong. Rec. 8071 (1992))). The UDHR is "merely aspirational and [was] never intended to be binding on member States of the United Nations." *Flores v. Southern Peru Copper Corp.*, 414 F.3d 233, 259 & n.36 (2d Cir. 2003). The American Convention "has not even been universally embraced by all of the prominent States within the region in which it purports to apply." *Id.* at 258. Indeed, the "the United States has declined to ratify the American Convention for more than three decades." *Id.* The European Convention for Protection of Human Rights is "an instrument applicable only to its regional States parties," *id.* at 264, and thus has no particular legal significance in this Country.

In any event, Elie's reliance on customary international law is misplaced because the statutory provisions at issue here—INA §§ 237(a)(3)(D)(i), 240A(b)(1)(C), 8 U.S.C. §§ 1227(a)(3)(D)(i), 1229b(b)(1)(C)—are not ambiguous. *See Yuen Jin*, 538 F.3d at 160 ("[W]hen there is a conflict between a statute and customary international law, the statute controls.");

3

*Guaylupo-Moya*, 423 F.3d at 135 (holding that when congressional intent is clear, that intent controls, and courts may not look to international law to assist their interpretation).  *See generally United States v. Yousef*, 327 F.3d 56, 91-94 (2d Cir. 2003).

## CONCLUSION

For the foregoing reasons, the petition for review is **DENIED**.  As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4