14-428-ag
*Veras-Martinez v. Holder*

BIA
Straus, IJ
A045 382 600

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand fifteen.

PRESENT:
> CHESTER J. STRAUB,
> ROBERT D. SACK,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

HUASCAR CRISTIAN VERAS-MARTINEZ, AKA
HUASCAR VERAS,
> *Petitioner,*

> v.                                                    14-428-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | James A. Welcome, Waterbury, Connecticut. |
| **FOR RESPONDENT:** | Joyce R. Branda, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Jamie M. Dowd, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Huascar Cristian Veras-Martinez, a native and citizen of the Dominican Republic, seeks review of a January 30, 2014, decision of the BIA affirming a September 26, 2013, decision of an Immigration Judge ("IJ") denying his motion to terminate proceedings. *In re Huascar Cristian Veras-Martinez*, No. A045 382 600 (B.I.A. Jan. 30, 2014), *aff'g* No. A045 382 600 (Immig. Ct. Hartford Sept. 26, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We lack jurisdiction to review a final order of removal against an alien, such as Veras-Martinez, who was found removable based on his previous conviction of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). Nevertheless, we retain jurisdiction to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D). For jurisdiction to attach, however, such claims must be colorable. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008). Here, Veras-Martinez has raised no colorable claim.

Veras-Martinez's proportionality argument is frivolous. "It is settled that deportation, being a civil procedure, is not punishment and the cruel and unusual punishment clause of the Eighth Amendment accordingly is not applicable." *Santelises v. INS*, 491 F.2d 1254, 1255-56 (2d Cir. 1974); *see also Harisiades v. Shaughnessy*, 342 U.S. 580, 594 (1952); *Fong Yue Ting v. United States*, 149 U.S. 698, 730 (1893). And while in *Padilla v. Kentucky* the Supreme Court acknowledged that "deportation is a particularly severe 'penalty,'" it stated that "it is not, in a strict sense, a criminal sanction." 559 U.S. 356, 365 (2010).

Veras-Martinez's remaining due process arguments are also frivolous. "Parties claiming denial of due process in immigration cases must, in order to prevail, 'allege some cognizable prejudice fairly attributable to the challenged process.'" *Garcia-Villeda v.*

2

*Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (quoting *Lattab v. Ashcroft*, 384 F.3d 8, 20 (1st Cir. 2004)).  Other than his meritless proportionality argument, Veras-Martinez did not raise any of the alleged due process violations—that the IJ did not grant him a hearing on his right to apply for relief, give him an opportunity to seek relief, or advise him of available relief—before the BIA. He therefore failed to exhaust these claims.  *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007).  Regardless, Veras-Martinez was given an opportunity to be heard on his motion to terminate, as counsel argued proportionality before the IJ and filed a brief in support of that argument.  The IJ asked him whether he would apply for any relief, and he expressly stated his intent to seek termination of the proceedings but no other relief.  Even assuming the IJ failed to meet an obligation to advise him of available relief, his aggravated felony conviction precludes asylum, withholding of removal, and cancellation of removal, and he has not identified, either on appeal to the BIA or before this Court, any other relief for which he may be eligible.  *See* 8 U.S.C. §§ 1158(b)(2)(A), (B); 1229b(a)(3); 1231(b)(3)(B).  Accordingly, Veras-Martinez's due process arguments are frivolous.

    For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction.

                            FOR THE COURT:
                            Catherine O'Hagan Wolfe, Clerk

3