Marin-Marin v. Sessions

# In the
# United States Court of Appeals
# For the Second Circuit

---

August Term, 2016

(Submitted: November 4, 2016      Decided: March 27, 2017)

Docket No. 15-2074

---

ANTONIO PAUL MARIN-MARIN,

*Petitioner,*

–v. –

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,

*Respondent.*

---

Before:

HALL, LIVINGSTON, *Circuit Judges*, GARAUFIS,[*] *District Judge.*

Petitioner Antonio Paul Marin-Marin seeks review of an order of the Board of Immigration Appeals affirming a decision of an Immigration Judge ordering him removed from the United States. Marin-Marin argues that, before issuing a removal order, immigration judges are required to determine whether removal is constitutionally proportionate to the grounds for removal. Marin-Marin's proportionality argument fails because removal is not a punishment.

PETITION DENIED.

---

JAMES A. WELCOME, Waterbury, CT, *for Petitioner*.

---

[*] Judge Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

JESSICA A. DAWGERT, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division (Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Melissa Neiman-Kelting, Senior Litigation Counsel, *on the brief*), United States Department of Justice, Washington, D.C., *for Respondent*.

———————————

PER CURIAM:

Petitioner Antonio Paul Marin-Marin, a native and citizen of Ecuador, seeks review of a May 28, 2015 order of the Board of Immigration Appeals ("BIA") and the underlying January 16, 2014 decision of an Immigration Judge ("IJ") finding him removable based on his unlawful entry to the United States. The issue before us is whether either the Fifth Amendment's due process clause or the Eighth Amendment's prohibition on cruel and unusual punishment requires consideration and weighing of the proportionality of removal against the grounds for removability. Because removal is not punitive and no fair notice considerations are present here, we hold that no such consideration is necessary.

## BACKGROUND

In 2013, Marin-Marin, a native and citizen of Ecuador, entered the United States without inspection. At the time, he was an unaccompanied juvenile of 17 who had entered the country to live with his mother in Connecticut. The U.S. Department of Homeland Security charged that Marin-Marin was subject to removal based on his unlawful presence in the United States.

Before an IJ, Marin-Marin, through counsel, conceded that he was removable as charged and declined to apply for relief from removal.[1] Instead, Marin-Marin moved to terminate his removal proceedings, arguing that his removal would be disproportionate to the ground for his removability, and thus would constitute either excessive punishment in violation of the Eighth Amendment or a grossly excessive penalty in violation of the Fifth Amendment's Due Process Clause. The IJ concluded that he did not have jurisdiction to consider Marin-Marin's constitutional arguments or conduct a proportionality analysis. The BIA affirmed the IJ's decision without opinion. Marin-Marin has filed a timely petition for review of that decision.

## DISCUSSION

Marin-Marin argues that the agency was required to conduct a proportionality analysis to determine whether his removal is excessive when compared to the noncriminal ground for his removal. We disagree and hold that there is no merit to Marin-Marin's claim that the agency is constitutionally required to consider whether removal is proportionate to the grounds for removability.

"It is settled that deportation, being a civil procedure, is not punishment and the cruel and unusual punishment clause of the Eighth Amendment accordingly is not applicable." *Santelises v. Immigration and Naturalization Serv.*, 491 F.2d 1254, 1255–56 (2d Cir. 1974); *see also Harisiades v. Shaughnessy*, 342 U.S. 580, 594 (1952); *Sunday v. Att'y Gen.*, 832 F.3d 211, 218–19 (3d Cir. 2016); *Hinds v. Lynch*, 790 F.3d 259, 264–68 (1st Cir. 2015).   The Government here did not seek to remove

[1] Marin-Marin was 18 years old at the time he was ordered removed and acknowledged that he was not eligible for special immigrant juvenile status.

3

Marin-Marin as a result of criminal conduct but rather based solely on his unauthorized presence in the United States. And, in general, when removal is predicated on a criminal act, "the alien is not being punished for that act (criminal charges may be available for that separate purpose) but is merely being held to the terms under which he was admitted." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 491 (1999).

Marin-Marin notes that in *Padilla v. Kentucky*, the Supreme Court stated that "deportation is a particularly severe penalty." 559 U.S. 356, 365 (2010). However, "the Court's mere description of deportation as a 'penalty' . . . does not call into question the continuing vitality of the Court's precedent holding that the Eighth Amendment is not implicated by a noncitizen's removal." *Hinds*, 790 F.3d at 265. Indeed, in *Padilla*, the Court reiterated that deportation "is not, in a strict sense, a criminal sanction," and held only that counsel must inform noncitizen criminal defendants of potential immigration consequences of a guilty plea. 559 U.S. at 365–66; *cf. Chaidez v. United States*, 133 S. Ct. 1103, 1110–11 (2013) (characterizing *Padilla* as "holding that the failure to advise about a *non-criminal* consequence could violate the Sixth Amendment" (emphasis added)).

Relying on decisions like *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003), Marin-Marin argues that proportionality review is required by the Fifth Amendment's Due Process Clause. But *State Farm*, and the decisions which preceded it, were predicated on problems of fair notice not present in this case, where removal following unauthorized entry is neither novel nor unexpected. *See id.*

4

at 417 (explaining that the reason procedural and substantive restrictions on punitive damage awards exist is because "elementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a State may impose"). As we have explained, "[i]n immigration cases, the Due Process clause requires only that an alien receive notice and a fair hearing where the [Government] must prove by clear, unequivocal, and convincing evidence that an alien is subject to deportation." *Cervantes-Ascencio v. U.S. Immigration and Naturalization Serv.*, 326 F.3d 83, 86 (2d Cir. 2003). Given the clear statutory consequences of entry without inspection, the due process concerns that motivated the *State Farm* court are simply inapplicable in this case, and thus cannot mandate proportionality review. *See Herrera-Molina v. Holder*, 597 F.3d 128, 133–34 (2d Cir. 2010) (explaining, in the context of retroactivity analysis, that the application of clear immigration statutes does not implicate fair notice concerns).

For the reasons stated, Marin-Marin's constitutional arguments fail. We need not further consider his argument that the IJ deprived him an opportunity to apply for relief from removal. Not only is this argument plainly belied by the record, but Marin-Marin failed to exhaust that argument before the BIA. *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007); *see also Theodoropoulos v. Immigration and Naturalization Serv.*, 358 F.3d 162, 172 (2d Cir. 2004).

## CONCLUSION

For the foregoing reasons, the petition for review is DENIED.