15-3768-ag
*Piscil-Gonzalez v. Sessions*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           GERARD E. LYNCH,
                    *Circuit Judges.*

---

JOSE LUIS PISCIL-GONZALEZ, AKA JOSE LUIS
PIZZI-GONZALEZ, AKA JOES LUIS PISE-GONZALEZ,

    *Petitioner,*

       v.                     15-3768-ag

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

    *Respondent.*

---

FOR PETITIONER:                James A. Welcome, Waterbury, CT.

FOR RESPONDENT:         Timothy G. Hayes, Trial Attorney, Office of Immigration Litigation (Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division; Cindy S. Ferrier, Assistant Director, Office of

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review be, and hereby is, **DENIED**.

Petitioner Jose Luis Piscil-Gonzalez, a native and citizen of Mexico, seeks review of an October 28, 2015 decision of the BIA affirming the May 1, 2014 decision of an Immigration Judge ("IJ") denying his motion to terminate his removal proceedings. *In re Jose Luis Piscil-Gonzalez*, No. A205 277 374 (B.I.A. Oct. 28, 2015), *aff'g* No. A205 277 374 (Immig. Ct. Hartford May 1, 2014). We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

Under the circumstances of this case, we have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review questions of law and constitutional claims *de novo*. *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

Piscil-Gonzalez argues that his removal constitutes a penalty that is disproportionate to his unlawful presence in violation of the Eighth Amendment and the Due Process Clause. His proportionality argument is meritless: the IJ was not "required to conduct a proportionality analysis to determine whether his removal is excessive when compared to the noncriminal ground for his removal." *Marin-Marin v. Sessions*, No. 15-2074, 2017 WL 1130182, at *1 (2d Cir. Mar. 27, 2017). It is well settled "that deportation, being a civil procedure, is not punishment and the cruel and unusual punishment clause of the Eighth Amendment accordingly is not applicable." *Santelises v. INS*, 491 F.2d 1254, 1255-56 (2d Cir. 1974); *see also INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984). Moreover, because removal is not a punishment, the Due Process Clause does not require an assessment of whether removal is excessive when compared to the grounds for removal. *Marin-Marin*, 2017 WL 1130182, at *2; *cf. State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416-17 (2003) (recognizing that the Due Process Clause prohibits "grossly excessive or arbitrary punishments on a tortfeasor" because such punitive damages "serve the same purposes as criminal penalties"). And, while the Supreme Court in *Padilla v. Kentucky* acknowledged that "deportation is a particularly severe 'penalty,'" it stated that "it is not, in a strict sense, a criminal sanction." 559 U.S. 356, 365 (2010).

Piscil-Gonzalez further argues that the IJ violated his due process rights by depriving him of an opportunity to be heard, but he failed to exhaust that argument on appeal to the BIA. *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007). In any event, Piscil-Gonzalez was provided a full opportunity to be heard on his motion to terminate, as counsel argued proportionality before the IJ and filed a brief in support of that argument. The IJ asked Piscil-Gonzalez whether he wanted to

apply for other forms of relief from removal, but he declined and he expressly stated his intent to seek termination only.

## CONCLUSION

We have reviewed all of the arguments raised by the petitioner on appeal and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk