Lora v. Sessions

BIA
Buchanan, IJ
A041 598 311

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of November, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

DANILDA LORA, AKA DANILDA OSORIA,
AKA DANILDA LORA OSORIA, AKA
DANILDA L. OSORIA,
> *Petitioner,*

v.                                          17-133
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Craig Relles, White Plains, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Shelley R. Goad,
                       Assistant Director; Laura Halliday
                       Hickein, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Danilda Lora, a native and citizen of the Dominican Republic, seeks review of a December 20, 2016 decision of the BIA affirming a July 20, 2016 decision of an Immigration Judge ("IJ") denying Lora's application for relief under the Convention Against Torture ("CAT"). *In re Danilda Lora,* No. A 041 598 311 (B.I.A. Dec. 20, 2016), *aff'g* No. A 041 598 311 (Immig. Ct. N.Y.C. July 20, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, and, as did the BIA, we assume Lora's credibility, notwithstanding the IJ's mixed findings in that regard. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Lora's conviction in 2014 for drug-related offenses limits our review to constitutional claims and questions of law, as to which we review the BIA's rulings de novo. 8 U.S.C. § 1252(a)(2)(C), (D); *Ortiz-Franco v. Holder*, 782 F.3d 81, 90 (2d Cir. 2015). Lora presents two such claims here: that the

2

agency's denial of her requests for a continuance and subpoena violated her constitutional right to due process, and that her removal effects a constitutionally disproportionate punishment for her conviction. As discussed below, the claims lack merit.

**I.   Continuance and Subpoena**

Aliens are entitled to receive due process in removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). To state a due process claim, Lora must show (1) that she was denied a "full and fair opportunity" to present her claims or that she was otherwise deprived of "fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted), and (2) resulting "cognizable prejudice," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted). Lora's due process challenges fail both prongs of this test.

An IJ's continuance ruling does not ordinarily implicate a constitutional claim or question of law, because "IJs are accorded wide latitude in calendar management," and such decisions are reviewed "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006).

Further, although an IJ may grant a continuance where a

petitioner shows good cause for the request, 8 C.F.R. § 1003.29, the IJ considers the Government's position and the merits of the underlying claim for relief, as well as "the reason for the continuance and other procedural factors," *Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (B.I.A. 2009), in making a decision.

Here, Lora did not show she was denied fundamental fairness in the denial of her request for a continuance. The agency applied the correct standard in reaching its decision. The IJ considered the Government's opposition to a continuance, and it identified procedural and substantive concerns related to the requests, including the timing of the requests, Lora's failure to comply with the Immigration Court Practice Manual in making the request, and her failure to proffer detailed information about the testimony that her proposed witness, Mario Osorio, would give were a continuance granted. Lora received a sufficiently full and fair opportunity to make her case for the continuance.

Lora argues that Osorio's testimony would have been crucial to her case. But although Osorio may have been expected to be a key witness, Lora did not establish that his testimony would have provided anything more than speculation about any threats against her. Because Lora bore the burden of showing that

4

torture was more likely than not, her allegations about Osorio's testimony are too vague to demonstrate the cognizable prejudice required to make out a due process violation. *See* 8 C.F.R. § 1208.16(c)(2); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best.").

Lora's challenge to the denial of a subpoena fails for essentially the same reason. Lora argues that the IJ was required by regulation to subpoena the Bureau of Prisons and require the Bureau to make Osorio available to testify. The IJ is required to grant a subpoena, however, only if the testimony is "essential." 8 C.F.R. § 1003.35(b)(3). As discussed above, Lora did not show that Osorio's testimony was essential because she provided neither an affidavit from Osorio nor detailed information regarding the threats as to which he would testify. Even assuming the IJ could have issued a subpoena to a federal agency, therefore, Lora has not demonstrated that the IJ's decision was fundamentally unfair or that she suffered cognizable prejudice.

## II. Proportionality

Lora also argues that her removal violates due process because it imposes a disproportionate punishment for her

criminal conviction. This argument is foreclosed by our recent decision in *Marin-Marin v. Sessions*, 852 F.3d 192, 194 (2d Cir. 2017), in which we held that removal is not subject to due process proportionality review. Although *Marin-Marin* dealt with the removal of an alien whose presence in the United States was unauthorized, its reasoning also controls here. *See id.* ("[I]n general, when removal is predicated on a criminal act, 'the alien is not being punished for that act (criminal charges may be available for that separate purpose) but is merely being held to the terms under which [s]he was admitted.'" (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 491 (1999)) (brackets added)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Lora's motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

6