**Rashmikabahen Pareshkumar PATEL, Pareshkumar Pravinbhai Patel, Petitioners,**

v.

**Jefferson B. SESSIONS III, United States Attorney General, Respondent.**

**16-2376-ag**

United States Court of Appeals, Second Circuit.

February 26, 2018

FOR PETITIONERS: James A. Welcome, Law Offices of James A. Welcome, Waterbury, CT.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General, Civil Division, Jeffrey R. Leist, Senior Litigation Counsel, Brett F. Kinney, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

PRESENT: RALPH K. WINTER, GERALD E. LYNCH, DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Petitioners Rashmikabahen Pareshkumar Patel and Pareshkumar Pravinbhai Patel, natives and citizens of India, seek review of a June 30, 2016, decision of the BIA, affirming the September 23, 2014, decision of an Immigration Judge ("IJ") denying their motion to terminate removal proceedings and ordering their removal. *In re Rashmikabahen Pareshkumar Patel, Pareshkumar Pravinbhai Patel,* Nos. A206 066 098, A206 057 302 (B.I.A. June 30, 2016), *aff'g* Nos. A206 066 098, A206 057 302 (Immig. Ct. Hartford Oct. 23, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We uphold the IJ's or BIA's factual findings if they are supported by substantial evidence in the record. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review questions of law and constitutional claims *de novo. See Richmond v. Holder*, 714 F.3d 725, 728 (2d Cir. 2013); *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

Petitioners present two arguments: (1) their removal violates the Eighth Amendment because it is a disproportionate punishment for their immigration violation of unlawful presence, and (2) the IJ violated the Due Process Clause by ordering their removal without an opportunity to be heard. Both arguments fail.

Petitioners' proportionality argument is foreclosed by our decision in *Marin-Marin v. Sessions*, 852 F.3d 192 (2d Cir. 2017). In that case, we held that "[i]t is settled that deportation, being a civil procedure, is not punishment and the cruel and unusual punishment clause of the Eighth Amend-

ment accordingly is not applicable." *Id.* at 194 (quoting *Santelises v. INS*, 491 F.2d 1254, 1255–56 (2d Cir. 1974)). Thus, because the Eighth Amendment does not apply to deportation, this claim fails.

Petitioners' due process argument is similarly unavailing. Although petitioners argue that the IJ violated their due process rights by depriving them of an opportunity to be heard, they failed to exhaust this argument on appeal to the BIA. *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007).

Even if they had exhausted this argument, their claim fails on the merits. To prevail on a due process claim, petitioners must show (1) that they were "denied a full and fair opportunity to present [their] claims or that the IJ or BIA otherwise deprived [them] of fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks and citation omitted), and (2) "cognizable prejudice fairly attributable to the challenged process," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008); *see also Marin-Marin v. Sessions*, 852 F.3d 192, 194 (2d Cir. 2017) (holding that in immigration context, "the Due Process clause requires only that an alien receive notice and a fair hearing where the [Government] must prove by clear, unequivocal, and convincing evidence that an alien is subject to deportation") (alteration in original) (quoting *Cervantes-Ascencio v. INS*, 326 F.3d 83, 86 (2d Cir. 2003)).

Here, petitioners were provided a full opportunity to be heard on their motion to terminate, as counsel argued proportionality before the IJ and filed a brief in support of that argument. When the IJ asked them whether they wanted to apply for other forms of relief from removal, they declined and expressly stated their intent

to seek termination only. Therefore, petitioners' due process claim fails as well.

For the foregoing reasons, the petition for review is **DENIED**.