16-2376
*Patel v. Sessions*

BIA
Straus, IJ
A206 066 098
A206 057 302

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand eighteen.

PRESENT:   RALPH K. WINTER,
           GERALD E. LYNCH,
           DENNY CHIN,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RASHMIKABAHEN PARESHKUMAR PATEL,
PARESHKUMAR PRAVINBHAI PATEL,

                    *Petitioners,*

              v.                                      16-2376-ag

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,
                    *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONERS:                    James A. Welcome, Law Offices of James A.
                                    Welcome, Waterbury, CT.

FOR RESPONDENT:                     Chad A. Readler, Acting Assistant Attorney
                                    General, Civil Division, Jeffrey R. Leist, Senior
                                    Litigation Counsel, Brett F. Kinney, Trial
                                    Attorney, Office of Immigration Litigation,
                                    United States Department of Justice,
                                    Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a decision

of the Board of Immigration Appeals (the "BIA"), **IT IS ORDERED, ADJUDGED, AND**

**DECREED** that the petition for review is hereby **DENIED**.

Petitioners Rashmikabahen Pareshkumar Patel and Pareshkumar

Pravinbhai Patel,  natives and citizens of India, seek review of a June 30, 2016, decision

of the BIA, affirming the September 23, 2014, decision of an Immigration Judge ("IJ")

denying their motion to terminate removal proceedings and ordering their removal.  *In*

*re Rashmikabahen Pareshkumar Patel, Pareshkumar Pravinbhai Patel,* Nos. A206 066 098,

A206 057 302 (B.I.A. June 30, 2016), *aff'g* Nos. A206 066 098, A206 057 302 (Immig. Ct.

Hartford Oct. 23, 2014). We assume the parties' familiarity with the underlying facts and

procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the

BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448

F.3d 524, 528 (2d Cir. 2006).  We uphold the IJ's or BIA's factual findings if they are

supported by substantial evidence in the record.  *See Xue Hong Yang v. U.S. Dep't of*

*Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  We review questions of law and constitutional claims *de novo*.  *See Richmond v. Holder*, 714 F.3d 725, 728 (2d Cir. 2013); *Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

Petitioners present two arguments:  (1) their removal violates the Eighth Amendment because it is a disproportionate punishment for their immigration violation of unlawful presence, and (2) the IJ violated the Due Process Clause by ordering their removal without an opportunity to be heard.  Both arguments fail.

Petitioners' proportionality argument is foreclosed by our decision in *Marin-Marin v. Sessions*, 852 F.3d 192 (2d Cir. 2017).  In that case, we held that "[i]t is settled that deportation, being a civil procedure, is not punishment and the cruel and unusual punishment clause of the Eighth Amendment accordingly is not applicable." *Id.* at 194 (quoting *Santelises v. INS*, 491 F.2d 1254, 1255–56 (2d Cir. 1974)).  Thus, because the Eighth Amendment does not apply to deportation, this claim fails.

Petitioners' due process argument is similarly unavailing.  Although petitioners argue that the IJ violated their due process rights by depriving them of an opportunity to be heard, they failed to exhaust this argument on appeal to the BIA.  *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007).

Even if they had exhausted this argument, their claim fails on the merits. To prevail on a due process claim, petitioners must show (1) that they were "denied a full and fair opportunity to present [their] claims or that the IJ or BIA otherwise

deprived [them] of fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks and citation omitted), and (2) "cognizable prejudice fairly attributable to the challenged process," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008); *see also Marin-Marin v. Sessions*, 852 F.3d 192, 194 (2d Cir. 2017) (holding that in immigration context, "the Due Process clause requires only that an alien receive notice and a fair hearing where the [Government] must prove by clear, unequivocal, and convincing evidence that an alien is subject to deportation") (alteration in original) (quoting *Cervantes-Ascencio v. INS*, 326 F.3d 83, 86 (2d Cir. 2003)).

Here, petitioners were provided a full opportunity to be heard on their motion to terminate, as counsel argued proportionality before the IJ and filed a brief in support of that argument. When the IJ asked them whether they wanted to apply for other forms of relief from removal, they declined and expressly stated their intent to seek termination only. Therefore, petitioners' due process claim fails as well.

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 4 -