16-2655
*Rivas-Aponte v. Sessions*

BIA
Straus, IJ
A018 630 410

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand eighteen.

Present:
>PIERRE N. LEVAL,
>GUIDO CALABRESI,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges.*

—————————————————————————

SANTIAGO DE JESUS RIVAS-APONTE,
>*Petitioner*,

>v.                                                                              16-2655-ag

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,
>*Respondent*.

—————————————————————————

For Petitioner:                    Kai W. De Graaf, New York, NY.

For Respondent:                    Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation (Chad A. Readler, Acting Assistant Attorney General, Douglas E. Ginsburg, Assistant Director, *on the brief*), United States Department of Justice, Washington, DC.

Petition for review of a June 28, 2016 Board of Immigration Appeals ("BIA") decision affirming an April 30, 2015 decision of an Immigration Judge ("IJ") denying Rivas-Aponte's applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief and ordering his removal.

**UPON DUE CONSIDERATION** of this petition for review of a BIA decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Santiago De Jesus Rivas-Aponte, a native and citizen of the Dominican Republic, seeks review of a June 28, 2016 decision of the BIA affirming an April 30, 2015, decision of an IJ denying Rivas-Aponte's applications for asylum, withholding of removal, and CAT relief and ordering his removal. *In re Santiago De Jesus Rivas Aponte,* No. A 018 630 410 (B.I.A. June 28, 2016), *aff'g* No. A 018 630 410 (Immig. Ct. Hartford Apr. 30, 2015). The Government moves to dismiss the petition. We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because Rivas-Aponte was ordered removed for an aggravated felony, our review is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Ortiz-Franco v. Holder*, 782 F.3d 81, 91 (2d Cir. 2015). Rivas-Aponte argues that the IJ was required, under the Fifth Amendment's Due Process Clause, to assess whether removal was a disproportionate penalty for his criminal conviction. But this argument is foreclosed by *Marin-Marin v. Sessions*, 852 F.3d 192, 194–95 (2d Cir. 2017) (per curiam), which held that removal is not subject to due process proportionality review. *See id.* at 194 ("[I]n general, when

2

removal is predicated on a criminal act, 'the alien is not being punished for that act (criminal charges may be available for that separate purpose) but is merely being held to the terms under which he was admitted.'" (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 491 (1999))). Because the sole argument that Rivas-Aponte raises here is foreclosed by our precedent, we deny the petition for review.

Nonetheless, we decline to dismiss this case for lack of jurisdiction and so also **DENY** the government's motion to dismiss. Although "we lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction," *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008), Rivas-Aponte's argument is not so insubstantial as to meet this standard. *See Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 505–06 (2d Cir. 2006) (explaining that we lack jurisdiction when petitioners "dress up" challenges to "decision[s] firmly committed by statute to the discretion of the Attorney General . . . with the language of due process" (internal citations omitted); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, *foreclosed by prior decisions of* [*the Supreme*] *Court*, or otherwise completely devoid of merit as not to involve a federal controversy." (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974) (emphasis added)).

For the foregoing reasons, the petition for review is **DENIED**, and the motion to dismiss the petition is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

3