Montero v. Barr

BIA
Rohan, IJ
A012 340 992

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand nineteen.

PRESENT:
>PIERRE N. LEVAL,
>REENA RAGGI,
>RICHARD C. WESLEY,
>>*Circuit Judges.*

_____

PEDRO JOSE MONTERO,
>*Petitioner,*

v.                                                No. 16-3893
                                                  NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Mark S. Davies, Orrick, Herrington & Sutcliffe LLP, Washington, District of Columbia; Daniel A. Rubens, Orrick, Herrington & Sutcliffe LLP, New York, New York.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Terri J.

Scadron, Assistant Director;
Leslie McKay, Senior Litigation
Counsel, Office of Immigration
Litigation, United States
Department of Justice, Washington,
District of Columbia.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pedro Jose Montero, a native and citizen of Ecuador, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ") denial of (1) his application for deferral of removal under the Convention Against Torture ("CAT") and (2) his motion to remand.[1] *In re Pedro Jose Montero,* No. A012 340 992 (B.I.A. Oct. 28, 2016), *aff'g* No. A012 340 992 (Immig. Ct. N.Y. City Dec. 8, 2015).

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Because Montero's removal order is based on an aggravated felony

---

[1] Montero also preserves for future review arguments that *Ortiz-Franco v. Holder*, 782 F.3d 81 (2d Cir. 2015), and *Marin-Marin v. Sessions*, 852 F.3d 192 (2d Cir. 2017), were wrongly decided, while recognizing that this panel is bound by those decisions. *See Gelman v. Ashcroft*, 372 F.3d 495, 499 (2d Cir. 2004).

2

conviction, our review is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015); *Durant v. U.S. INS*, 393 F.3d 113, 115 (2d Cir. 2004) (applying § 1252(a)(2)(C) to agency's denial of motion to reopen). We review constitutional claims and questions of law *de novo*. *See Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition for review.

I.  Deferral of Removal under CAT

Montero argues that the agency committed legal error by overlooking evidence that Ecuadorian authorities are likely to deny him health care because he will be a criminal deportee and homeless. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (explaining that agency commits legal error if it "totally overlook[s]" or "seriously mischaracterize[s]" material evidence). Montero argues that the agency also overlooked evidence that he will become a victim of vigilante

"social cleansing."    The argument fails because Montero failed to adduce evidence of the requisite official intent.

To establish eligibility for CAT relief, an applicant must show that someone in his particular circumstances will more likely than not be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."    8 C.F.R. § 1208.18(a)(1); *id.* §§ 1208.16(c)(2), 1208.17(a); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 170 (2d Cir. 2004); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003).

As to Montero's claim that he will likely be denied health care on return to Ecuador, the agency credited Montero's evidence that he suffered serious ailments that could prove fatal without treatment. Nevertheless, it also found that Montero adduced no evidence demonstrating that the anticipated deprivation will be intentional, rather than "a result of poverty, neglect, or incompetence."  *Pierre*, 502 F.3d at 121 ("[E]ven suffering of the utmost severity cannot constitute torture unless it is specifically intended[.]"); *see* 8 C.F.R. § 208.18(a)(5) ("In order to constitute torture, an act must be specifically intended to inflict severe

4

physical or mental pain or suffering."). The record supports this finding.

Accordingly, as to his health-care based claim, Montero has not demonstrated an error of law in the agency's determination that he failed to satisfy his burden of showing a likelihood of torture with the requisite specific intent. Because this finding is dispositive, we do not reach his additional argument that the agency applied a legally flawed understanding of government acquiescence. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Montero argues that the agency also erred by failing to consider evidence describing vigilante justice; violent, inhumane treatment of suspected criminals; police corruption; and failure to investigate crimes. Cited evidence shows high crime rates in Ecuador and vigilantes targeting suspected criminals. Nevertheless, Montero offered no evidence that vigilante groups would suspect him of crime and, accordingly, he has not met his burden of showing that, more likely than not, he will be tortured by them, much less tortured with the

5

requisite official intent. *See* 8 C.F.R. §§ 1208.16(c)(2); 1208.17(a).

## II. Motion To Remand

On appeal to the BIA, Montero unsuccessfully sought remand for the IJ to consider various materials, notably, a United Nations report discussing "social cleansing" in Ecuador by drug trafficking groups as well as vigilante killings.

"A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005). A movant seeking remand for consideration of new evidence must present "material, previously unavailable evidence." *Id.; see also* 8 C.F.R. § 1003.2(c)(1). "The BIA has 'broad discretion' to deny a motion to remand grounded on new evidence." *Li Young Cao*, 421 F.3d at 156 (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). We will identify abuse of that discretion only "if the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of

any reasoning, or contains only summary or conclusory statements[.]" *Id.* That is not this case.

As the BIA observed, Montero's evidence could have been discovered and submitted previously because it predated his 2015 proceedings before the IJ.[2] *See Li Yong Cao*, 421 F.3d at 156*; see also Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006) (requiring agency to assess whether evidence submitted with motion to reopen was unavailable prior to closing of record at hearing before IJ). Montero argues that the BIA should have excused his failure to present this evidence sooner because, as his attorney explained, they did not discover it due to a "good-faith oversight." Even crediting this explanation, because the evidence was previously available, we cannot conclude that the BIA abused its

---

2 The BIA mistakenly found one article to be dated 2016, the date of its print publication, even though it was posted online in 2011. That error worked in Montero's favor because the BIA considered the article. Nevertheless, the BIA concluded that the article was not material because it did not show Montero's prima facie eligibility for relief. *See Li Yong Cao*, 421 F.3d at 156 (explaining that "failure to make a prima facie case" is permissible reason to deny motion to reopen). The conclusion was not an abuse of discretion.

discretion in denying Montero's motion to remand. *See* 8 C.F.R. § 1003.2(c)(1); *Li Yong Cao*, 421 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot. Petitioner's request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court